[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE THE VERDICT
Before the court are plaintiffs' motions to set aside the general verdict for the defendant after full jury trial. Because the jury was deprived of expert opinion evidence concerning inferences to be drawn by the investigating officer as to the cause of the collision due to a mistaken ruling by the court, the motion is granted.
This case arose out of an intersection collision in which the automobile in which the plaintiffs were driver and passenger struck the automobile operated by the defendant which was making a left turn into a cross street. Each plaintiff sustained serious and significant back injuries confirmed by an independent medical examiner, Dr. Siegel, a neurologist, who had been hired by the defendant. Dr. Siegel testified that the plaintiff Sarah Epifano also has been left with a constant twitching and blinking in one eye which Dr. Siegel also confirmed was due to her injury and will last a lifetime.
At the risk of some oversimplification, it can be said that the plaintiffs maintained that the accident was caused by the defendant making a darting left turn in front of them from a northbound non-turning lane against a traffic light signal which required him to stop. The defendant on the other hand maintained he had turned left on a green arrow from the proper lane when the plaintiff's vehicle in a far right southbound lane struck him after he had gone through the intersection and was entering the cross street.
The plaintiffs cite numerous grounds justifying their motion, some of which can be disposed of summarily. First, the motion urges that the court set the verdict aside because the jury must have failed to follow various instructions. The court has no basis to conclude that the jury failed to follow the court's charge. From the evidence before it, it could have reasonably found as it did.
The plaintiffs also take issue with the court's failure to permit a meteorologist to testify about when the sun arose on the morning of the collision, not on the basis of observations he had CT Page 14145 made, but as an expert who would testify from treatises and thereby render an opinion. Although this was rebuttal testimony, the plaintiffs had given no notice to the defendant of intention to call this expert although the plaintiffs could and should have done so during a hiatus in evidence caused by unavailability of another expert. The verdict should not be set aside for that reason.
Finally, the plaintiffs raise the substantial issue of the court's ruling sustaining a good faith defense objection to expert opinion evidence the plaintiffs sought to introduce from investigating police officer Vizzo of the Derby Police Department on grounds that there was no identification pursuant to Rule 13-4 of the Rules of Practice. Plaintiffs' Counsel first opposed the defense objection on grounds that he thought he had identified Vizzo, but when told the court could find no evidence of it in the file, he indicated he would stand corrected.
There was a mutual mistake on the part of defense counsel and the court in concluding that no disclosure had been made and by the plaintiff's counsel, who after first differing, acceded to the finding that no filing had been made. None of that changes the reality of the situation however. The Court's ruling arose out of mistake. The § 13-4 identification had in fact been made. In fact, the plaintiff had disclosed that Vizzo would opine that the accident was caused by the negligence of the defendant and on all matters set forth in the police report and the reasonable inferences to be drawn therefrom. The sole grounds upon which the objection was made and sustained objectively did not exist. In hindsight, it is now easy to see how this human error could have been made. The pleading naming Vizzo first identified numerous medical experts on its first page and then synopsized their opinions. Not until a fourth and subsequent page did it first mention Officer Vizzo. It did not in its caption set forth the experts being named. It did not utilize a separate pleading for each expert. Nonetheless, plaintiffs did timely comply with P.B. § 13-4 by making a filing of intent to call Vizzo as an expert two and a half (2 1/2) years before the trial.
Were it not for the Court's mistaken belief that there had not been a § 13-4 filing, this evidence would likely have been otherwise admitted since Officer Vizzo had previous experience as an Auxiliary Police Officer, had then attended the Connecticut State Police Academy and received training in accident investigation. After becoming a regular Derby officer, CT Page 14146 Vizzo had investigated over twenty-five auto accidents. Vizzo had given testimony that the accident debris had been deposited in the southbound center lane under the traffic light. In the present case, Officer Vizzo had investigated the scene of the accident, observed the location of traffic lanes and signals, the intersection of the streets, the damage to the vehicles, the debris and the area of the debris and filed an accident report to which the defendant had pre trial access. See e.g. Annecharico v.Patterson, 44 Conn. App. 271 (1997)
It is not probable that the officer would have been permitted to testify about the ultimate issue, namely whether the defendant was negligent. However, he probably would have been permitted to testify about inferences he drew from the location of the debris as to the point of impact, the relative location of vehicles, and other factual circumstances concerning the accident. These factual circumstances were the principal issues litigated, and it was apparent to the court as to where the plaintiffs' counsel was attempting to go with his questions seeking opinion evidence.
In opposing the motion, the defendant argues that the police reports say nothing about the location of the debris. While the redacted police reports marked as full and identification exhibits say nothing about the location of the point of impact, it is the court's opinion that there was adequate notice from the pleadings in the case, the disclosure given and the officer's testimony to apprise both the defendant and the court that Officer Vizzo was ready to opine about the principal issue in the case, namely where the impact occurred, and that it occurred near or where the plaintiffs said it did rather than where the defendant asserted it happened.
This evidence as to what import the location of crash debris on the roadway might have had in determining the point of impact was important to liability issues in the case. If the jury found that the impact occurred where the debris was located in the middle of the intersection in the center southbound lane under the traffic signal, as the plaintiffs claimed, rather than in the cross street where the defendant said it happened, the plaintiffs' contention that the defendant's darting left turn was the negligence which caused the collision would be buttressed.
This Court, accordingly, concludes the error was therefore harmful. "It is proper for a trial court, using due caution, and in the exercise of its discretion, to set aside a verdict when CT Page 14147 satisfied . . . that its rulings on evidence were erroneous and that . . . [its] erroneous ruling . . . [was] consequential enough to have had a substantial effect on the verdict." Ardolinov. Keegan, 140 Conn. 552, 556 (1954). The Court after careful review of the transcripts of the argument on the objection and all of the other evidence in the case so concludes. To enter judgment on the verdict, would create an injustice. The motion to set aside the verdict is granted and a new trial ordered.
FLYNN, J.